25CA1541 Hastings v Spraker 07-09-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1541
El Paso County District Court No. 25CV74
Honorable Gregory R. Werner, Judge

Benjamin Hastings,

Plaintiff-Appellant,

v.

Lyndsey Spraker and Jessica Fann,

Defendants-Appellees.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE PAWAR
Sullivan and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 9, 2026

Benjamin Hastings, Pro Se

Hall & Evans, LLC, Ryan Winter, Elizabeth A. Leibsle, Denver, Colorado, for
Defendants-Appellees

¶ 1    Plaintiff, Benajmin Hastings, appeals the district court's

C.R.C.P. 12(b)(5) dismissal of his complaint, which alleged a single

abuse of process claim against defendants, Joshua Gunkel, Lindsay

Spraker, and Jessica Fann.  We affirm.

## I.    Background

¶ 2    Hastings' complaint contained limited information about the

facts giving rise to this case.  The complaint identified defendants

as part of his "Multi-Disciplinary Treatment Team" but did not

explain why he was in treatment or what kind of treatment he was

receiving.[1]  Hastings alleged that defendants engaged in abuse of

process by producing a "discharge summary" that falsely stated

that he violated the term of his treatment contract requiring him to

obey criminal statutes and ordinances.  Hastings then alleged that

the false discharge summary was "published to [Hastings']

probation officer and ultimately used in legal proceedings,"

including "revocation"[2] and "competency evaluation proceedings,

directly impacting [Hastings'] legal standing and reputation."

---

[1] Gunkel was alleged to be a "probation supervisor," Spraker a
"treatment provider," and Fann a "treatment victim advocate."
[2] We assume Hastings means probation revocation.

¶ 3    Defendants Spraker and Fann jointly moved to dismiss the complaint for failure to state a claim under C.R.C.P. 12(b)(5) and, alternatively, because it was barred by claim preclusion based on the dismissal of Hastings' separate defamation action against the same defendants. Hastings filed a response opposing the motion, and Spraker and Fann filed a reply. The district court denied the motion, ruling that the abuse of process claim was sufficiently pled and not barred by claim preclusion because the purportedly preclusive judgment was not yet final.

¶ 4    Two months later, unprompted by any filing, the court changed its mind. The court ruled both that the complaint failed to state an abuse of process claim and that it was claim precluded by the then-final judgment in the defamation case. The court therefore dismissed the complaint.

¶ 5    Hastings appeals. He argues that (1) the district court violated his due process rights by dismissing the complaint sua sponte and without notice, and (2) the abuse of process claim was sufficiently pled and not claim precluded. We conclude that Hastings is not entitled to relief.

## II. Due Process

¶ 6    We first reject Hastings' argument that he was deprived of due process because the district court dismissed the complaint, in his words, without "notice and a meaningful opportunity to be heard." The district court did no such thing.

¶ 7    There is no question that Hastings received notice of the motion to dismiss and filed a response in opposition. Although the district court initially denied the motion, it then reversed itself and granted it. This reconsideration of its prior ruling was something the court had inherent authority to do at any time before entering its final judgment. *See Graham v. Zurich Am. Ins. Co.*, 2012 COA 188, ¶ 18.

¶ 8    The court ultimately dismissed the complaint on the grounds argued in the motion and addressed in Hastings' response. We fail to see, and Hastings does not explain, how the district court's reconsideration and reversal of its first ruling deprived him of notice or an opportunity to be heard. We therefore reject Hastings' due process argument.

### III.  Failure to State a Claim

¶ 9    We also conclude that Hastings' complaint failed to state a claim for abuse of process.

¶ 10    We review a dismissal for failure to state a claim de novo. *Houser v. CenturyLink, Inc.*, 2024 COA 96, ¶ 22, *aff'd*, 2026 CO 20. We accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *Id.*

¶ 11    A complaint need not contain detailed factual allegations that establish a prima facie case for each element of the claim.  *Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 51.  But to survive a motion to dismiss, the factual allegations must plausibly support each basic element of the claim.  *Houser*, ¶ 24 (citing *Adams Cnty. Hous. Auth.*, ¶ 51).

¶ 12    Conclusory allegations are not entitled to the presumption of truth and will therefore not plausibly support any element of a claim.  *See Warne v. Hall*, 2016 CO 50, ¶ 27.

¶ 13    The elements of abuse of process are (1) an ulterior purpose in the use of judicial proceedings; (2) willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages.  *Hewitt v. Rice*, 154 P.3d 408, 414

(Colo. 2007). The essential element of an abuse of process claim is the misuse of litigation "through an irregular, generally coercive act." *Mintz v. Accident & Injury Med. Specialists, PC*, 284 P.3d 62, 66 (Colo. App. 2010), *aff'd*, 2012 CO 50. There is no abuse of process if the actions in question are unfounded but nevertheless confined to their regular and legitimate function. *Colo. Cmty. Bank v. Hoffman*, 2013 COA 146, ¶ 37 (citing *Sterenbuch v. Goss*, 266 P.3d 428, 439 (Colo. App. 2011)).

¶ 14    Hastings' complaint did not allege the misuse of a legal proceeding. The complaint alleged that the discharge summary falsely stated that he violated the law and that this false allegation was used against him in revocation and competency proceedings. But treatment providers' statements that an offender has violated the law while on probation are routinely used in revocation and competency proceedings. The complaint is devoid of any explicit or implicit allegation that the discharge summary was used outside its regular and legitimate function, even if it did contain a false statement.

¶ 15    Also absent from Hastings' complaint was a nonconclusory allegation of defendants' ulterior motive. Hastings alleges that

defendants wanted to wrongfully discredit and punish him. But he did not support this conclusory allegation of ulterior motive with facts explaining why. We may infer ulterior motive from misuse of process. *Colo. Cmty. Bank*, ¶ 38. But as explained above, Hastings failed to allege any misuse of process. We are therefore left with only a conclusory allegation of ulterior motive, which is insufficient to avoid dismissal for failure to state a claim. *See Warne*, ¶ 27.

¶ 16     In sum, Hastings' complaint failed to plausibly allege facts supporting at least two of the three elements of abuse of process. We therefore conclude that the district court properly dismissed the complaint for failure to state a claim under C.R.C.P. 12(b)(5). Based on this conclusion, we need not address whether the complaint was also subject to dismissal because it was claim precluded.

## IV.    Attorney Fees on Appeal

¶ 17     Spraker and Fann request their appellate attorney fees on the ground that they have successfully defended a C.R.C.P. 12(b) dismissal on appeal. They are entitled to these fees under section 13-17-201(1), C.R.S. 2025.

## V.    Disposition

¶ 18    The judgment is affirmed, and the case is remanded to the district court with directions to award Spraker and Fann their reasonable appellate attorney fees.

JUDGE SULLIVAN and JUDGE MEIRINK concur.